IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LINDSEY A. WILSON, | ) | |
| | ) | Civil Action No. 7:21cv00042 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. MCPHEETERS, | ) | By:   Hon. Thomas T. Cullen |
| | ) | **United States District Judge** |
| Defendant. | ) | |

Plaintiff Lindsey A. Wilson, an inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against his criminal defense attorney. Wilson seeks leave to proceed *in forma pauperis* with this action. Having reviewed Wilson's complaint, the court grants his request to proceed *in forma pauperis* but concludes that Wilson fails to state a cognizable § 1983 claim against the defendant. Therefore, the court will dismiss Wilson's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Wilson alleges that his criminal defense attorney provided ineffective assistance of counsel by causing Wilson's criminal charge of unlawful wounding to be changed to second degree murder,[1] failing to advise Wilson of an alleged plea offer from the Commonwealth, failing to inform Wilson about a witness for the Commonwealth, and sharing "private and sensitive information concerning [his] case" with the witness. Wilson argues that his defense attorney's actions has put him "in danger of losing years of [his] life" as well as "stress and hardship."

---

[1] The court notes that, pursuant to state court records found online, Wilson pled guilty to an amended charge of voluntary manslaughter in the Danville Circuit Court on January 12, 2021. *See* Virginia Courts Case Information, Circuit Court Case Information, http://ewsocis1.courts.state.va.us/CJISWeb/circuit.jsp (last visited Jan. 26, 2021).

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). An attorney, whether retained or court-appointed, who defends a person against a criminal charge does not act under color of state law in his or her representation of that person. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 317-24 (1981) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Accordingly, Wilson cannot pursue this § 1983 action against defense attorney, and the court will dismiss Wilson's complaint pursuant to § 1915(e)(2)(B)(ii).

**ENTERED** this 27th day of January, 2021.

                                              */s/ Thomas T. Cullen*
                                              HON. THOMAS T. CULLEN
                                              UNITED STATES DISTRICT JUDGE